UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.

NATIONAL FIRE INSURANCE CO. OF
HARTFORD, VALLEY FORGE INSURANCE
COMPANY,
TRANSCONTINENTAL INSURANCE
COMPANY and
TRANSPORTATION INSURANCE
COMPANY

    Plaintiffs,

v.

A&A WINDOW PRODUCTS, INC., and
SOLOCO, INC.,

    Defendants.

**04 - 12487 NG**

**COMPLAINT FOR
DECLARATORY JUDGMENT**

RECEIPT #
AMOUNT $_____ 150.00
SUMMONS ISSUED 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. MP
DATE 11/24/04

MAGISTRATE JUDGE ___TLA___

## INTRODUCTION

In this action, Plaintiffs National Fire Insurance Co. of Hartford ("National Fire") , Valley

Forge Insurance Company ("Valley Forge"), Transcontinental Insurance Company

("Transcontinental") and Transportation Insurance Company ("Transportation"), all of which are

members of the CNA Insurance Group ("CNA"), respectfully request a judicial determination

pursuant to Fed. R. Civ. P. Rule 57 and 28 U.S.C. § 2201, that they have no obligation under

certain insurance contracts to defend and indemnify Defendant Soloco, Inc. ("Soloco") or

Defendant A&A Window Products, Inc. ("A&A) with respect to any claims against A&A and/or

Soloco for property damage that allegedly occurred at the Lafayette School in Everett,

Massachusetts and that was allegedly caused as a result of work performed or materials supplied

by Soloco and A&A Windows in connection with construction of the Lafayette School.

      Plaintiffs' action is based upon the terms, conditions, provisions and exclusions of various

contracts of insurance issued by National Fire, Valley Forge and Transportation to A&A Windows

as the named insured, and by Transcontinental to Soloco as the named insured, on the grounds,

among other things, that any property damage allegedly occurring at the Lafayette School, and for

which A&A and/or Soloco may be legally responsible, was confined to the school itself and, thus,

is not within the insuring agreements of the contracts and/or is excluded from coverage under the

express terms of the insurance contracts.  In support of this action, Plaintiffs state as follows:


## PARTIES

1.      Plaintiff Transcontinental is a New York corporation with a principal place of business in

Chicago, Illinois.  Transcontinental is authorized to transact business in the Commonwealth of

Massachusetts as a liability insurer.

2.      Plaintiff National Fire is an Illinois corporation with its principal place of business in

Chicago, Illinois.  National Fire is authorized to transact business in the Commonwealth of

Massachusetts as a liability insurer.

3.      Plaintiff Valley Forge is a Pennsylvania corporation with its principal place of business in

Chicago, Illinois.  Valley Forge is authorized to transact business in the Commonwealth of

Massachusetts as a liability insurer.

4.      Plaintiff Transportation is an Illinois corporation with a principal place of business in

Chicago, Illinois.  Transportation is authorized to transact business in the Commonwealth of

Massachusetts as a liability insurer

5.      Defendant A&A, upon information and belief, is a Massachusetts corporation with a usual

place of business in Malden, Massachusetts.

6.      Defendant Soloco, upon information and belief, is a Massachusetts corporation with a usual

place of business in Holbrook, Massachusetts.

## JURISDICTION

7.      Diversity jurisdiction exists between the parties pursuant to 28 U.S.C. § 1332.  Subject

matter jurisdiction is based upon Fed. R. Civ. P. Rule 57 and 28 U.S.C. §2201.

8.      Venue is properly placed in this Court as the events giving rise to this claim for declaratory relief occurred in this district.

9.      A controversy exists between National Fire, Transportation and Valley Forge on the one hand and A&A on the other, regarding the parties' respective rights and obligations under various insurance policies issued by National Fire, Transportation and Valley Forge to A&A, which is a named defendant or third-party defendant in litigation currently pending in Massachusetts Superior Court. *See City of Everett v. Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884.

10.     A controversy exists between Transcontinental and Soloco regarding the parties' respective rights and obligations under an insurance policy issued by Transcontinental to Soloco, which is a named defendant or third-party defendant in litigation currently pending in Massachusetts Superior Court. *See City of Everett v. Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884.

## FACTS

11.     On or about March 5, 1998, the City of Everett ("Everett"), as owner, and Barletta Engineering Corp. ("Barletta"), as general contractor, entered into a written contract wherein Barletta agreed to construct the Lafayette Elementary School in Everett, Massachusetts (the "Project").

12.     Barletta, in furtherance of its contract with Everett, entered into numerous other written subcontracts for the Project, including, *inter alia,* subcontracts for provision and installation of window and curtain walls; waterproofing, dampproofing and caulking; glass and glazing; heating, ventilating and air conditioning ("HVAC") systems, and elevators.

13.     On or about March 16, 1998, and July 14, 1998, respectively, A&A, as subcontractor, and Barletta, as general contractor, entered into written subcontracts wherein A&A agreed to furnish

labor and materials for the Project (the "A&A subcontracts"). The A&A subcontracts required A&A to, *inter alia*, furnish all labor and materials required for the completion of all work specified in Section No. 08520, of the Specifications for Aluminum Windows and Plans referenced therein and Addenda Nos. 1 through 4 for the Project. A&A was also required to furnish and install all aluminum doors and curtain walls as described in Section 08920 of the aforementioned Specifications.

14.     On or about March 22, 1998, Soloco entered into a subcontract with Barletta to provide labor and materials on the Project ("the Soloco subcontract"). The Soloco subcontract required Soloco to, *inter alia*, furnish all labor and materials required for the completion of all work specified in Section No. 15500 of the Specifications for the HVAC and the Plans referenced therein, and Addenda Nos. 1 through 4 for the Project.

15.     On October 24, 2000, Everett sued Barletta and Barletta's performance bond surety, Firemen's Fund Insurance Company, alleging that the Project was plagued with water leaks, causing property damage, including mold contamination, to walls, ceilings, floors and other building materials, and leading to costly remediation. Everett claims that it has suffered and/or continues to suffer economic damage, real property damage and personal property damage which "may exceed $500,000.00." *See City of Everett v. Barletta Engineering Corporation, et al.,* Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884.

16.     Barletta answered Everett's Complaint and filed a Third-Party Complaint against various subcontractors and architects involved in the Project, including but not limited to A&A and Soloco ("Barletta's Third Party Complaint"). Barletta's Third Party Complaint seeks indemnification from its subcontractors, including A&A and Soloco, for any liability that Barletta might have to Everett with respect to the Project.

17.     Barletta's Third Party Complaint specifically alleges that, *inter alia*, A&A failed to provide a window and curtain wall which was free from defect and which complied with the various

contract documents associated with the Project. Barletta further alleges that Soloco failed to provide an HVAC mechanical system which was free from defect and which complied with the various contract documents associated with the Project.

18.     On July 18, 2001, upon tender of Barletta's Third-Party Complaint by Soloco, CNA issued a reservation of rights letter and agreed, subject to that reservation and the policy terms, conditions and exclusions referenced therein, to provide a defense to Soloco for that action. CNA's reservation of rights letter made reference to a policy issued by Transcontinental bearing policy number 1020530972 and in effect during all or a portion of the time period referenced in the Barletta Third-Party Complaint (the "Transcontinental policy").

19.     On August 7, 2001, upon tender of Barletta's Third-Party Complaint by A&A, CNA issued a reservation of rights letter and agreed, subject to that reservation and the policy terms, conditions and exclusions referenced therein, to provide a defense to A&A for the Barletta third-party claims against it. Among other things, that reservation letter made reference to a primary policy issued by National Fire under the number TCP 10779224037 and in effect during the period from July 13, 1999 to July 13, 2002 (the "National Fire" policy). CNA then sent a follow-up letter to A&A, dated April 16, 2002, reiterating that, among other things, it had no coverage obligation under that policy for the expense of correcting A&A's "work", "product" or "impaired property" as referenced in the National Fire policies.

20.     In addition to the policy issued by National Fire as described above, the following primary and umbrella policies were issued by Transportation (the "Transportation policy") and Valley Forge (the "Valley Forge policy") to A&A for the referenced policy periods and may also be implicated by the allegations set forth in Barletta's Third-Party Complaint::

> Transportation Insurance Policy No. C182097556 for the policy period from July 13, 1998 to July 13, 1999 (primary policy);
>
> Transportation Insurance Policy No. C182097542 for the policy period from July 13, 1998 to July 13, 1999 (umbrella policy);

Transportation Insurance Policy No. C1077924037 for the policy period from July 13, 1999 to July 13, 2000 (primary policy);

Transportation Insurance Policy No. C1077924023 for the policy period from July 13, 1999 to July 13, 2000 (umbrella policy);

Transportation Insurance Policy No. C1077924023 for the policy period from July 13, 2000 to July 13, 2001 (umbrella policy);

Valley Forge Insurance Policy No. 1077924023 for the policy period from July 13, 2001 to July 13, 2002 (primary policy); and

Transportation Insurance Policy No. C1077924023 for the policy period from July 13, 2001 to July 13, 2002 (umbrella policy).

21.    Each of the primary and umbrella policies issued by Plaintiffs to Soloco and A&A as described above contain one or more of the following exclusions:

**j.    Damage to Property**
"Property damage" to:

(1)    Property you own, rent, or occupy;

(2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)    Property loaned to you;

(4)    Personal property in the care, custody or control of the insured;

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

**k.     Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.     Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.     Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.     Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product;"

(2)    "Your work;" or

(3)    "Impaired property;"

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## COUNT I
### (For Declaratory Relief with Respect to Transcontinental Policy Issued to Soloco)

22.    Plaintiff Transcontinental realleges the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23.    The claims asserted by Barletta, and by extension Everett, against Soloco for property damage that allegedly occurred at the Lafayette School in Everett, Massachusetts, arise from the performance of work by Soloco, either directly or indirectly, on the construction of the Project. Because the claims against Soloco stem from alleged property damage that is confined to the Project itself, coverage for such damage is barred by the provisions of the aforementioned exclusions, as was recently held by the United States Court of Appeals for the First Circuit in B&T Masonry Construction Co., Inc. v. Public Service Mutual Insurance Company, 2004 U.S.App. LEXIS 18306 (August 30, 2004), in connection with claims for insurance coverage asserted by another subcontractor who performed work for Barletta on the Project and who was also sued as a defendant and/or third-party defendant in City of Everett v. Barletta Engineering Corporation, et al., Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884.

24.    Specifically, Plaintiff Transcontinental is entitled to a declaration that it has no coverage obligation under the Transcontinental policy to defend and indemnify Soloco for any of the

liability claims arising out of the alleged property damage at the Lafayette School, for the following reasons:

        a.      Soloco is not entitled to any insurance coverage under the Transcontinental policy to the extent that the liability claims asserted against it for the alleged property damage at the Lafayette School are not covered under the terms, provisions, conditions, exclusions and/or limitations of those insurance contracts.

        b.      Soloco is not entitled to any insurance coverage under the Transcontinental policy to the extent that the liability claims asserted against it for the property damage at the Lafayette School do not arise out of an "accident" or "occurrence" as those terms are used and defined in the policy.

        c.      Soloco is not entitled to any insurance coverage under the Transcontinental policy to the extent that the liability claims asserted against it do not involve or arise out of property damage to which those insurance contracts apply.

        d.      Soloco is not entitled to any insurance coverage under the Transcontinental policy to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School arise out of Soloco's breach of its contractual obligations to Barletta or the City of Everett.

        e.      Soloco is not entitled to any insurance coverage under the Transcontinental policy to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School seek recovery of economic losses.

        f.      Soloco is not entitled to any insurance coverage under the Transcontinental policy to the extent that the liability claims asserted against it for the alleged property damage at Lafayette School do not seek damages within the meaning of the policy.

        g.      Soloco is not entitled to any insurance coverage under the Transcontinental policy to the extent that the liability claims asserted against it are based on alleged property damage at the Lafayette School that occurred outside the period of that policy.

25.     Plaintiff Transcontinental's grounds for asserting that there is no coverage under the Transcontinental policy are based upon the facts which are available at this time.  Plaintiff Transcontinental reserves its right to raise any additional defenses and grounds for disclaiming coverage if it determines such grounds to exist.

26.     Based upon the foregoing, Transcontinental is entitled to a judicial declaration that it has no obligation under the Transcontinental policy to defend or indemnify Soloco with respect to any claims against it for alleged property damage at the Lafayette School.


## COUNT II
### (For Declaratory Relief With Respect to National Fire Policy Issued to A&A)

27.     Plaintiff National Fire realleges the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

28.     The claims asserted by Barletta, and by extension Everett, against A&A for property damage that allegedly occurred at the Lafayette School in Everett, Massachusetts, arise from the performance of work by A&A , either directly or indirectly, on the construction of the Project.  Because the claims against A&A stem from alleged property damage that is confined to the Project itself, coverage for such damage is barred by, among other things, the provisions of the aforementioned exclusions, as was recently held by the United States Court of Appeals for the First Circuit in B&T Masonry Construction Co., Inc. v. Public Service Mutual Insurance Company, 2004 U.S.App. LEXIS 18306 (August 30, 2004), in connection with claims for insurance coverage asserted by another subcontractor who performed work for Barletta on the Project and who was also sued as a defendant and/or third-party defendant in *City of Everett v. Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884.

.

29.    Specifically, Plaintiff National Fire is entitled to a declaration that it has no coverage obligation under the National Fire policy to defend and indemnify A&A for any of the liability claims arising out of the alleged property damage at the Lafayette School, for the following reasons:

a.    A&A is not entitled to any insurance coverage under the National Fire policy to the extent that the liability claims asserted against it for the alleged property damage at the Lafayette School are not covered under the terms, provisions, conditions, exclusions and/or limitations of that policy.

b.    A&A is not entitled to any insurance coverage under the National Fire policy to the extent that the liability claims asserted against it for the property damage at the Lafayette School do not arise out of an "accident" or "occurrence" as those terms are used and defined in that policy.

c.    A&A is not entitled to any insurance coverage under the National Fire policy to the extent that the liability claims asserted against it do not involve or arise out of property damage to which that policy applies.

d.    A&A is not entitled to any insurance coverage under the National Fire policy to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School arise out of A&A's breach of its contractual obligations to Barletta or the City of Everett.

e.    A&A is not entitled to any insurance coverage under the National Fire policy to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School seek recovery of economic losses.

f.    A&A is not entitled to any insurance coverage under the National Fire policy to the extent that the liability claims asserted against it for the alleged property damage at Lafayette School do not seek damages within the meaning of that policy.

g.    A&A is not entitled to any insurance coverage under the National Fire policy to the extent that the liability claims asserted against it are based on alleged property damage at the Lafayette School that occurred outside the period of that policy.

30.     Plaintiff National Fire's grounds for asserting that there is no coverage under the National

Fire policy are based upon the facts which are available at this time. Plaintiff National Fire

reserves its right to raise any additional defenses and grounds for disclaiming coverage if it

determines such grounds to exist.

31.     Based upon the foregoing, National Fire is entitled to a judicial declaration that it has no

obligation under the National Fire policy to defend or indemnify A&A with respect to any claims

against it for alleged property damage at the Lafayette School.

### COUNT III
### (For Declaratory Relief With Respect to Valley Forge Policy Issued to A&A)

32.     Plaintiff Valley Forge realleges the allegations contained in paragraphs 1 through 21 above

as if fully set forth herein.

33.     The claims asserted by Barletta, and by extension Everett, against A&A for property

damage that allegedly occurred at the Lafayette School in Everett, Massachusetts,

arise from the performance of work by A&A , either directly or indirectly, on the construction of

the Project. Because the claims against A&A stem from alleged property damage that is confined

to the Project itself, coverage for such damage is barred by, among other things, the provisions of

the aforementioned exclusions, as was recently held by the United States Court of Appeals for the

First Circuit in B&T Masonry Construction Co., Inc. v. Public Service Mutual Insurance

Company, 2004 U.S.App. LEXIS 18306 (August 30, 2004), in connection with claims for

insurance coverage asserted by another subcontractor who performed work for Barletta on the

Project and who was also sued as a defendant and/or third-party defendant in City of Everett v.

Barletta Engineering Corporation, et al., Middlesex Superior Court, Commonwealth of

Massachusetts, Civil Action No. 00-4884.

34.     Specifically, Plaintiff Valley Forge is entitled to a declaration that it has no coverage

obligation under the Valley Forge policy to defend and indemnify A&A for any of the  liability

claims arising out of the alleged property damage at the Lafayette School, for the following reasons:

      a.     A&A is not entitled to any insurance coverage under the Valley Forge policy to the extent that the liability claims asserted against it for the alleged property damage at the Lafayette School are not covered under the terms, provisions, conditions, exclusions and/or limitations of that policy.

      b.     A&A is not entitled to any insurance coverage under the Valley Forge policy to the extent that the liability claims asserted against it for the property damage at the Lafayette School do not arise out of an "accident" or "occurrence" as those terms are used and defined in that policy.

      c.     A&A is not entitled to any insurance coverage under the Valley Forge policy to the extent that the liability claims asserted against it do not involve or arise out of property damage to which that policy applies.

      d.     A&A is not entitled to any insurance coverage under the Valley Forge policy to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School arise out of A&A's breach of its contractual obligations to Barletta or the City of Everett.

      e.     A&A is not entitled to any insurance coverage under the Valley Forge policy to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School seek recovery of economic losses.

      f.     A&A is not entitled to any insurance coverage under the Valley Forge policy to the extent that the liability claims asserted against it for the alleged property damage at Lafayette School do not seek damages within the meaning of that policy.

      g.     A&A is not entitled to any insurance coverage under the Valley Forge policy to the extent that the liability claims asserted against it are based on alleged property damage at the Lafayette School that occurred outside the period of that policy.

13

35.    Plaintiff Valley Forge's grounds for asserting that there is no coverage under the Valley

Forge policy are based upon the facts which are available at this time.  Plaintiff Valley Forge

reserves its right to raise any additional defenses and grounds for disclaiming coverage if it

determines such grounds to exist.

36.    Based upon the foregoing, Valley Forge is entitled to a judicial declaration that it has no

obligation under the Valley Forge policy to defend or indemnify  A&A with respect to any claims

against it for alleged property damage at the Lafayette School.

**COUNT IV**
**(For Declaratory Relief With Respect to Transportation Policies Issued to A&A)**

37.    Plaintiff Transportation realleges the allegations contained in paragraphs 1 through 21

above as if fully set forth herein.

38.    The claims asserted by Barletta, and by extension Everett, against A&A for property

damage that allegedly occurred at the Lafayette School in Everett, Massachusetts,

arise from the performance of work by A&A , either directly or indirectly, on the construction of

the Project.  Because the claims against A&A stem from alleged property damage that is confined

to the Project itself, coverage for such damage is barred by, among other things, the provisions of

the aforementioned exclusions, as was recently held by the United States Court of Appeals for the

First Circuit in <u>B&T Masonry Construction Co., Inc. v. Public Service Mutual Insurance</u>

<u>Company</u>, 2004 U.S.App. LEXIS 18306 (August 30, 2004), in connection with claims for

insurance coverage asserted by another subcontractor who performed work for Barletta on the

Project and who was also sued as a defendant and/or third-party defendant in *City of Everett v.*

*Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of

Massachusetts, Civil Action No. 00-4884.

39.    Specifically, Plaintiff Transportation is entitled to a declaration that it has no coverage

obligation under the Transportation policies to defend and indemnify A&A for any of the  liability

claims arising out of the alleged property damage at the Lafayette School, for the following reasons:

      a.      A&A is not entitled to any insurance coverage under the Transportation policies to the extent that the liability claims asserted against it for the alleged property damage at the Lafayette School are not covered under the terms, provisions, conditions, exclusions and/or limitations of that policy.

      b.      A&A is not entitled to any insurance coverage under the Transportation policies to the extent that the liability claims asserted against it for the property damage at the Lafayette School do not arise out of an "accident" or "occurrence" as those terms are used and defined in that policy.

      c.      A&A is not entitled to any insurance coverage under the Transportation policies to the extent that the liability claims asserted against it do not involve or arise out of property damage to which that policy applies.

      d.      A&A is not entitled to any insurance coverage under the Transportation policies to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School arise out of A&A's breach of its contractual obligations to Barletta or the City of Everett.

      e.      A&A is not entitled to any insurance coverage under the Transportation policies to the extent that the liability claims asserted against it for alleged property damage at the Lafayette School seek recovery of economic losses.

      f.      A&A is not entitled to any insurance coverage under the Transportation policies to the extent that the liability claims asserted against it for the alleged property damage at Lafayette School do not seek damages within the meaning of that policy.

      g.      A&A is not entitled to any insurance coverage under the Transportation policies to the extent that the liability claims asserted against it are based on alleged property damage at the Lafayette School that occurred outside the period of that policy.

40.    Plaintiff Transportation's grounds for asserting that there is no coverage under the Valley Forge policy are based upon the facts which are available at this time. Plaintiff Valley Forge reserves its right to raise any additional defenses and grounds for disclaiming coverage if it determines such grounds to exist.

41.    Based upon the foregoing, Transportation is entitled to a judicial declaration that it has no obligation under the Transportation policies to defend or indemnify A&A with respect to any claims against it for alleged property damage at the Lafayette School.

**WHEREFORE**, the Plaintiffs request that this Court:

a.    With respect to Count I, enter judgment and declare that Transcontinental has no obligation under the Transcontinental policy to defend or indemnify Soloco with respect to Barletta Engineering Corp.'s Third-Party Complaint against it or, by extension, with respect to claims asserted against Barletta by the City of Everett in connection with the Lafayette School project;

b.    With respect to Count II, enter judgment and declare that National Fire has no obligation under the National Fire policy to defend or indemnify A&A with respect to Barletta Engineering Corp.'s Third-Party Complaint against it or, by extension, with respect to claims asserted against Barletta by the City of Everett in connection with the Lafayette School project;

c.    With respect to Count III, enter judgment and declare that Valley Forge has no obligation under the Valley Forge policy to defend or indemnify A&A with respect to Barletta Engineering Corp.'s Third-Party Complaint against it or, by extension, with respect to claims asserted against Barletta by the City of Everett in connection with the Lafayette School project;

d.    With respect to Count IV, enter judgment and declare that Transportation has no obligation under the Transportation policies to defend or indemnify A&A with respect

to Barletta Engineering Corp.'s Third-Party Complaint against it or, by extension, with

respect to claims asserted against Barletta by the City of Everett in connection with the

Lafayette School project; and

e.  Grant such other and further relief as the Court deems just and proper.


NATIONAL FIRE INSURANCE COMPANY OF
HARTFORD, VALLEY FORGE INSURANCE
COMPANY, TRANSCONTINENTAL INSURANCE
COMPANY, and TRANSPORTATION INSURANCE
COMPANY

By their attorneys

Date: 11/24/04

John S. Stadler (BBO # 548485)
Michael L. Cornell (BBO # 651405)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

®JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
National Fire Insurance Co. of Hartford, Valley Forge Insurance Company, Transcontinenal Insurance Company and Transportation Insurance Co.

**DEFENDANTS**
A & A Window Products, Inc. Soloco, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gregory P. Deschenes   (617) 345-1000
John S. Stadler    Nixon Peabody LLP
Michael L. Cornell  100 Summer St.
Boston, MA 02110

Attorneys (If Known)

## 04-12487 NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | DEF |  | DEF |
|---|---|---|---|
| Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State ☐ 4 | ☒ 4 |
| Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | Foreign Nation ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 Diversity action for declaratory judgment regarding the rights of the parties under an insurance contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 11/24/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) National Fire Insurance Co. of Hartford v. A & A Window Products, Inc.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    [ ]    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    [X]    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    [ ]    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,     04-12487 NG
                 690, 810, 861-865, 870, 871, 875, 900.

    [ ]    V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    Filed contemporaneously with Transcontinental Insurance Company v. Barletta Engineering Corp. (related case)

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                          YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                          YES [X]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [X]        Central Division [ ]        Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                          YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Gregory P. Deschenes, John S. Stadler, and Michael L. Cornell

ADDRESS  Nixon Peabody LLP, 100 Summer St., Boston, MA 02110

TELEPHONE NO.  (617) 345-1000

(Coversheetlocal.wpd - 10/17/02)