UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CASE NO. 01-12487JNG 2005 JAN 28 P 2: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

NATIONAL FIRE INSURANCE CO. OF )
HARTFORD, VALLEY FORGE )
INSURANCE COMPANY, )
TRANSCONTINENTAL INSURANCE )
COMPANY and TRANSPORTATION )
INSURANCE COMPANY, )
   Plaintiffs )
)
v. )
)
A&A WINDOW PRODUCTS, INC. and )
SOLOCO, INC., )
   Defendant )

A&A WINDOW PRODUCTS, INC.'S
ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT

Defendant, A&A Window Products, Inc. (A&A) answers the Complaint for Declaratory Judgment as follows:

## INTRODUCTION

This is an introductory paragraph setting forth conclusions of law that do not require a response.

## PARTIES

1. Neither admits nor denies since it has no knowledge.

2. Neither admits nor denies since it has no knowledge.

3. Neither admits nor denies since it has no knowledge.

4. Neither admits nor denies since it has no knowledge.

5. Admits.

6. Neither admits nor denies since it has no knowledge.

## JURISDICTION

7. This paragraph states only conclusions of law which do not require a response.

8. This paragraph states only a conclusion of law which does not require a response.

9. This paragraph states only conclusions of law which do not require a response.

10. Neither admits nor denies since it has no knowledge.

## FACTS

11. Admits, but states that the contract speaks for itself.

12. Admits only that Barletta entered into two subcontracts with A&A, the terms of which speak for themselves. Neither admits nor denies the balance since it has no knowledge.

13. Admits entering into two subcontracts with Barletta, but states that the terms of those subcontracts speak for themselves.

14. Neither admits nor denies since it has no knowledge.

15. Admits that Everett sued Barletta but states that all pleadings filed in <u>City of Everett</u> v. <u>Barletta</u>, Middlesex Superior Court Civil Action No. 00-4884 (the Everett Action) speak for themselves.

16. Admits that Barletta filed a third-party complaint, but states that it and all other pleadings filed in the Everett Action speak for themselves.

17. A&A states that Barletta's third-party complaint and all other pleadings filed in the

Everett Action speak for themselves. Further answering, A&A states it has denied Barletta's allegations in the Everett Action and asserted affirmative defenses. As to Barletta's allegations regarding Soloco, A&A neither admits nor denies since it has no knowledge.

18. Neither admits nor denies since it has no knowledge.

19. Admits CNA sent a reservation of rights letter to A&A, as well as a subsequent letter dated April 16, 2002, and states that the terms of both letters speak for themselves. Further answering, A&A states it disputes CNA's coverage position and maintains it is entitled to coverage under the policies referred to in CNA's letters.

20. Admits that the referenced primary and umbrella policies were issued to A&A by Transportation and Valley Forge, the terms of which speak for themselves.

21. Admits the quoted language appears in each of the policies but states that the terms of all policies speak for themselves.

## COUNT I
### (For Declaratory Relief with Respect to Transcontinental Policy Issued to Soloco)

22. A&A realleges its answers to paragraphs 1 through 21.

23-26. These allegations are directed at a defendant other than A&A and no response is required.

## COUNT II
### (For Declaratory Relief with Respect to National Fire Policy Issued to A&A)

27. A&A realleges its answers to paragraphs 1 through 26.

28. A&A admits that Barletta has asserted claims against A&A in the Everett Action and

denies the remainder.

29. Denies.

30. Denies.

31. Denies.

## COUNT III
### (For Declaratory Relief with Respect to Valley Force Policy Issued to A&A)

32. A&A realleges its answers to paragraphs 1 through 32.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

## COUNT IV
### (For Declaratory Relief with Respect to Transportation Policies Issued to A&A)

37. A&A realleges its answers to paragraphs 1 through 36.

38. Denies.

39. Denies.

40. Denies.

41. Denies.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted as A&A is entitled to a defense and indemnity under each of the policies referenced in Counts II through IV of the Complaint for Declaratory Judgment (collectively, the Policies).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have waived any right to disclaim coverage or are estopped from disclaiming coverage under the policies issued to A&A.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from relief by the terms of the policies they issued to A&A and/or by the fact that A&A had a reasonable expectation of coverage under each of the policies as written.

WHEREFORE, A&A requests that this Court:

(a) dismiss the plaintiffs' complaint with prejudice;

(b) in the alternative, enter a declaratory judgment determining that, pursuant to each of the Policies, plaintiffs are obligated to defend and indemnify A&A in connection with the claims asserted against it in the Everett Action;

(c) award A&A its attorneys' fees and costs and interest in connection with this declaratory judgment action; and

(d) grant such other relief as may be appropriate.

                EDWIN J. FREMDER
                EMANUEL N. BARDANIS
                Corwin & Corwin LLP
                One Washington Mall
                Boston, MA 02108
                (617) 742-3420
                B.B.O. #179220
                B.B.O. #634104

Dated: January 28, 2005

**CERTIFICATE OF SERVICE**: A copy of A&A WINDOW PRODUCTS, INC.'S ANSWER TO COMPLAINT was served in hand upon John S. Stadler, Esquire, Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110 on January 28, 2005.

                EMANUEL N. BARDANIS