UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 04-12487 (NG)

_____
TRANSCONTINENTAL INSURANCE CO., et al. )
                                       )
        Plaintiffs,                    )
                                       )
v.                                     )
                                       )
A&A WINDOW PRODUCTS, INC., and         )
SOLOCO, INC.,                          )
                                       )
        Defendants.                    )
_____  )

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR REASSIGNMENT PURSUANT TO L.R. 40.1 (I)**

Plaintiffs National Fire Insurance Co. of Hartford, Valley Forge Insurance Company, Transcontinental Insurance Company and Transportation Insurance Company, all of which are members of the CNA Insurance Group (collectively referred to as the "CNA insurers"), respectfully request that the above-captioned litigation, an insurance coverage declaratory judgment action, be reassigned to Judge Douglas Woodlock pursuant to Local Rule 40.1(I) because the instant case involves the same property, construction project and events at the Lafayette School in Everett, Massachusetts, the same issue of whether general liability insurance coverage exists for claims of property damage allegedly arising from defective construction and workmanship by contractors, and the same legal arguments and defenses as those already considered and ruled upon by Judge Woodlock in a case previously filed in this district, disposition of which the First Circuit affirmed on appeal. *See B&T Masonry Construction Co., Inc. v. Public Service Mutual Ins. Co.*, 382 F.3d 36 (1st Cir. 2004).

As such, Judge Woodlock is already familiar with the subject matter and the type of insurance policies and exclusions at issue in this case. Therefore, in the interest of justice and

judicial economy, the CNA insurers herein respectfully request that this case be reassigned to Judge Woodlock. In further support of this motion, the CNA insurers state the following:

## I. FACTUAL BACKGROUND

As set forth in the CNA insurers' Complaint in this action, on or about March 5, 1998, the City of Everett ("Everett"), as owner, and Barletta Engineering Corp. ("Barletta"), as general contractor, entered into a written contract wherein Barletta agreed to construct the Lafayette Elementary School in Everett, Massachusetts (the "Project"). (Complaint at ¶ 11). Barletta, in furtherance of its contract with Everett, entered into numerous other written subcontracts for the Project, including, among others, subcontracts for provision and installation of window and curtain walls; waterproofing, dampproofing and caulking; glass and glazing; heating, ventilating and air conditioning ("HVAC") systems; and elevators. (Complaint at ¶¶ 12-13).

Everett later sued Barletta and Barletta's performance bond surety, Firemen's Fund Insurance Company, in Middlesex Superior Court alleging that the Project was plagued with water leaks, which in turn caused property damage -- including mold contamination -- to walls, ceilings, floors and other building materials, in turn necessitating costly remediation. (Complaint at ¶ 15); *See also City of Everett v. Barletta Engineering Corporation, et al.*, Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 00-4884 ("the *City of Everett* action"). In that action, Everett claims that it has suffered and/or continues to suffer economic damage, real property damage and personal property damage which "may exceed $500,000.00." (Complaint at ¶ 15).

Everett brought its action against Barletta to recover for property damage allegedly arising from certain negligent and defective construction, negligent and defective design at the Project. Everett's Second Amended Complaint seeks recovery from Barletta for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of warranty, negligence, and

indemnification. The Second Amended Complaint alleges that, in whole or in part by, alone or in combination with, certain design deficiencies, errors or omissions; negligent and defective construction practices, materials and methods; premature failure of material or other causes, the Project has been plagued with water infiltration and penetration at numerous locations and that the systemic leaks in the Project have caused damage to, among other things, walls, ceilings, floors and other building materials. The alleged water leakage and damage to building materials has lead to alleged collateral damages caused by mold growth, which will require extensive remediation efforts, and repair and reconstruction portions of the Project. (Complaint at ¶ 15). Barletta answered Everett's Second Amended Complaint and also filed a Third-Party Complaint against various subcontractors and architects involved in the Project, including B&T Masonry Construction Co., Inc. ("B&T") and the above-captioned Defendants, A&A Window Products, Inc. ("A&A") and Soloco, Inc. ("Soloco). (Complaint at ¶ 16).

B&T in turn filed a declaratory judgment action in this Court against its insurer, Public Service Mutual Insurance, Co. ("Public Service"), seeking a judicial determination that Public Service owed B&T a duty to defend and/or indemnify for the claims against it in the *City of Everett* action. *See* Memorandum and Order, *B&T Masonry Construction Co., Inc. v. Public Service Mutual Ins. Co.*, Civil Action No. 02-10595-DPW (September 26, 2003), a copy of which is attached hereto as **Exhibit A**. That action (the "*B&T* action") was assigned to Judge Woodlock, who ultimately granted summary judgment to Public Service, holding that the insurer had no duty to defend or indemnify B&T with respect to B&T's work on the Project at the Lafayette School. *Id.* Judge Woodlock held that, based upon certain exclusions in Public Service's general liability policy to B&T, the property damage alleged in the *City of Everett* action was excluded from coverage because such damage allegedly was confined to the school itself and resulted from the defective work or products of B&T and other contractors at the school. *Id.*

In response to B&T's appeal, on August 30, 2004, the First Circuit affirmed Judge

Woodlock's ruling that several "business risk" exclusions in Public Service's liability policy excluded coverage for the *City of Everett* action. *See B&T Masonry Construction Co., Inc. v. Public Service Mutual Ins. Co.*, 382 F.3d 36 (1st Cir. 2004), a copy of which is attached hereto as **Exhibit B**. No further appeal was taken in the B&T case and final judgment was entered in Public Service's favor.

## II. ARGUMENT

Reassignment of this action to Judge Woodlock is in the interests of justice and judicial economy for several reasons. First, Judge Woodlock is already familiar with facts regarding the property and construction project at the Lafayette school in Everett, Massachusetts, as well as the City of Everett's claims for property damage which are also the subject of this insurance coverage action.

Second, the general liability insurance policies at issue in this case –those issued by the CNA insurers to A&A and Soloco—contain certain "business risk" exclusions that are similar or identical to those contained in the Public Service liability policy for B&T. Those exclusions which were already evaluated by Judge Woodlock and the First Circuit in the *B&T* action. Specifically, the CNA insurers have disclaimed coverage for the claims against A&A and Soloco asserted in the *City of Everett* action on the grounds that the business risk exclusions in their liability policies bar coverage for the costs of correcting, repairing or replacing A&A or Soloco's "work" and/or "product" as referenced in their respective policies.

Thus, the same property, construction project and events and liability claims alleged in the *City of Everett* action that were at issue in the *B&T* action are also presented here. Judge Woodlock has already considered in the *B&T* action whether a duty to defend or indemnify exists under a general liability policy like those at issue here with respect to property damage claims asserted against contractors like A&A and Soloco who performed work at, or supplied materials to, the construction of the Lafayette school. In these circumstances, reassignment of this case to

Judge Woodlock would be in the interests of justice and judicial economy.

**WHEREFORE**, the Plaintiff requests that this Court reassign and transfer this action to Judge Woodlock in this district or grant such other and further relief as the Court deems just and proper.

                                NATIONAL FIRE INSURANCE CO. OF HARTFORD,
VALLEY FORGE INSURANCE COMPANY,
TRANSPORTATION INSURANCE COMPANY, and
TRANSCONTINENTAL INSURANCE COMPANY,

By their attorneys,

Date: April 5, 2005

_____
Gregory P. Deschenes (BBO # 550830)
John S. Stadler (BBO # 548485)
Michael L. Cornell (BBO # 651405)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for Defendant A&A Window Products, Inc. by electronic service and upon Soloco, Inc. by regular mail on April 5, 2005.

_____
Michael L. Cornell