UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.  04-12487 (NG)

| | |
|---|---|
| TRANSCONTINENTAL INSURANCE CO., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| A&A WINDOW PRODUCTS, INC., and | ) |
| SOLOCO, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' ASSENTED-TO MOTION FOR LEAVE TO FILE A REPLY
TO DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR REASSIGNMENT PURSUANT TO L.R. 40.1 (I)**

Pursuant to L.R. 7.1(B)(3), Plaintiffs National Fire Insurance Co. of Hartford, Valley

Forge Insurance Company,  Transcontinental Insurance Company and Transportation Insurance

Company, all of which are members of the CNA Insurance Group (collectively referred to as the

"CNA insurers") hereby move this Court for leave to submit a Reply to Defendant A&A

Window Products, Inc.'s ("A&A) Opposition to Plaintiff's Motion For Reassignment Pursuant to

L.R. 40.1(I).  As grounds for this Motion, Plaintiffs state that their Reply, a copy of which is

attached hereto as **Exhibit A**, is necessary to correct certain erroneous factual and legal

statements made in A&A's Opposition.

WHEREFORE, Plaintiffs respectfully request this Court to grant this Motion For Leave

To File A Reply.

NATIONAL FIRE INSURANCE CO. OF
HARTFORD, VALLEY FORGE INSURANCE
COMPANY, TRANSPORTATION INSURANCE
COMPANY, and TRANSCONTINENTAL
INSURANCE COMPANY,

By their attorneys,

Date:  April 28, 2005

Gregory P. Deschenes (BBO # 550830)
John S. Stadler (BBO # 548485)
Michael L. Cornell (BBO # 651405)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that on April 28, 2005, counsel for Plaintiffs discussed the issues presented in
this Motion with counsel for the Defendant A&A Window Products, Inc. ("A&A") and counsel
for A&A does not oppose the filing of this motion for leave to file a reply.  Defendant Soloco,
Inc. has been defaulted and, to my knowledge, is not represented by counsel.

Michael L. Cornell

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of
record for Defendant A&A Window Products, Inc. by electronic service and upon Soloco, Inc. by
regular mail on April 28, 2005.

Michael L. Cornell

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.  04-12487 (NG)

| | |
|---|---|
| TRANSCONTINENTAL INSURANCE CO., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| A&A WINDOW PRODUCTS, INC., and | ) |
| SOLOCO, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR REASSIGNMENT PURSUANT TO L.R. 40.1 (I)**

In the interests of judicial economy, Plaintiffs National Fire Insurance Co. of Hartford,

Valley Forge Insurance Company,  Transcontinental Insurance Company and Transportation

Insurance Company, all of which are members of the CNA Insurance Group (collectively

referred to as the "CNA insurers"), moved this Court to reassign the above-captioned litigation to

Judge Douglas Woodlock, pursuant to Local Rule 40.1(I), because Judge Woodlock is already

familiar with the subject matter and the type of insurance policies and exclusions at issue in this

case.  Indeed, the instant case involves the same property, construction project and events at the

Lafayette School in Everett, Massachusetts, the same issue of whether general liability insurance

coverage exists for claims of property damage allegedly arising from defective construction and

workmanship by contractors such as defendants herein, and the same legal arguments and

defenses as those already considered and ruled upon by Judge Woodlock in a case previously

filed in this district, the disposition of which the First Circuit affirmed on appeal.  *See B&T*

*Masonry Construction Co., Inc. v. Public Service Mutual Ins. Co.*, 382 F.3d 36 (1st Cir. 2004).

In opposing Plaintiff's motion, Defendant A&A Window Products, Inc. ("A&A") argues that because "B&T...[wrongly] conceded that the business risk exclusions in its insurance policy would bar coverage if Barletta could prove that B&T's work caused the property damage[,]" the issues presented in this case are not the same as those previously decided by Judge Woodlock. See Defendant's Opposition to Plaintiffs' Motion for Reassignment ("Opposition") at pp. 2. A&A asserts that because of B&T's "concession," Judge Woodlock "was not asked to and did not decide the issues raised" with respect to the business risk exclusions contained in the insurance policies which are the subject of the *B&T* case and this case. See Opposition at pp. 2-3.

However, contrary to A&A's assertions in its Opposition, Judge Woodlock expressly addressed the applicability of the business risk exclusions and held that, "*regardless of the cause of damages*, any liability that could conceivably attach to B&T through the underlying complaint would fall within one of the policy's exclusions." See Memorandum and Order, *B&T Masonry Construction Co., Inc. v. Public Service Mutual Ins. Co.*, Civil Action No. 02-10595-DPW (September 26, 2003) at p. 10. (emphasis added). Judge Woodlock further explained that "[i]f the underlying complaint sought to hold B&T liable for any damages that did not arise from its work, and if there existed a question of fact as to what caused the damage – such as an accident or act of God – the claim might conceivably be covered by the policy." *Id.* at p. 11. He then expressly held that where, as here, "the underlying complaint . . . does not allege that and, moreover, neither party contends that the damage was caused by anything or anyone other than one or more of the subcontractors or the project architect," the policy exclusions exclude coverage for the workmanship of subcontractors such as B&T (or, in this case, A&A). See *id.* at p. 10-11.

- 3 -

Moreover, Judge Woodlock granted summary judgment to the insurer on the grounds that, in view of the policy exclusions, the insurer had no duty to defend or indemnify the subcontractor B&T with respect to B&T's work on the Lafayette School for the general contractor on this project, Barletta Engineering Corp. –*the same general contractor and the same construction project as those at issue in this action.* Thus, Judge Woodlock applied the same type of policy exclusions to the same underlying facts, the same general contractor, and the same construction project as those at issue in this case. Furthermore, on August 30, 2004, the First Circuit affirmed Judge Woodlock's ruling that several of the "business risk" exclusions in the insurer's liability policy excluded coverage for damages to the school by B&T's workmanship. See *B&T Masonry Construction Co., Inc. v. Public Service Mutual Ins. Co.*, 382 F.3d 36 (1st Cir. 2004).

For the foregoing reasons and for those set forth in Plaintiff's Motion for Reassignment, the above-captioned matter should be reassigned to Judge Woodlock pursuant to L.R. 40.1(I).

NATIONAL FIRE INSURANCE CO. OF HARTFORD, VALLEY FORGE INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY, and TRANSCONTINENTAL INSURANCE COMPANY,

By their attorneys,

Date: April 28, 2005

_____

Gregory P. Deschenes (BBO # 550830)
John S. Stadler (BBO # 548485)
Michael L. Cornell (BBO # 651405)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

- 4 -

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that on April 28, 2005, counsel for Plaintiffs attempted in good faith to resolve the issues presented in this Motion with counsel for the Defendant A&A Window Products, Inc. but was unable to do so. Defendant Soloco, Inc. has been defaulted and, to my knowledge, is not represented by counsel.

_____
Michael L. Cornell

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for Defendant A&A Window Products, Inc. by electronic service and upon Soloco, Inc. by regular mail on April 28, 2005.

_____
Michael L. Cornell

BOS1487105.1