**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BARLETTA ENGINEERING CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>NATIONAL FIRE INSURANCE CO. OF HARTFORD, VALLEY FORGE INSURANCE COMPANY, TRANSCONTINENTAL INSURANCE COMPANY and TRANSPORTATION INSURANCE COMPANY,<br><br>       Defendants. | CIVIL ACTION NO. 04-12487 NG |

**BARLETTA ENGINEERING CORPORATION'S**
**MOTION TO INTERVENE**

Pursuant to Fed. R. Civ. P. Rules 24(a)(2) and (b)(2), Barletta Engineering Corporation ("Barletta"), hereby moves to intervene as a party plaintiff in this lawsuit.

**BACKGROUND**

On or about March 5, 1998, the City of Everett, Massachusetts ("Everett"), as owner, and Barletta, as general contractor, entered into a written contract relative to the construction of the Lafayette Elementary School in Everett, Massachusetts ("the Project"). Barletta was the general contractor on the Project and Barletta subcontracted portions of the work to various subcontractors including, among other things, work relating to the installation of window and curtain walls, waterproofing, dampproofing and caulking, glass and glazing, HVAC systems and elevators.

On or about March 22, 1998, Barletta entered into a written subcontract with Soloco, Inc. ("Soloco") whereby Soloco was to provide certain labor and materials on the Project (the "Soloco Subcontract").  Pursuant to the Soloco Subcontract, Soloco was required to, among other things, furnish all labor and materials required for the completion of all work specified in Section No. 15500, of the Specifications for HVAC and the Plans referred to therein and Addenda Nos. 1 through 4 for the Project.

The Soloco Subcontract required that Soloco was to assume to Barletta all the obligations and responsibilities that Barletta, by the contract documents referenced in the Soloco Subcontract, assumed to Everett.  The contract between Barletta and Everett required that Everett was to be named as an Additional Insured on all policies of insurance.  Moreover, the Soloco Subcontract required that Soloco provide evidence of Public Liability and Property Damage Insurance to Barletta as the type and limits required to be furnished to Everett by Barletta.  Thereafter, Barletta was named as an additional insured under Policy No. 1020530972 issued to Soloco by Transcontinental Insurance Company ("Transcontinental").

On or about March 16, 1998, and July 14, 1998, Barletta entered into written subcontracts with A&A Window Products, Inc. ("A&A") whereby A&A was to provide certain labor and materials on the Project (the "A&A Subcontracts").  Pursuant to the A&A Subcontracts, A&A was required to, among other things, furnish all labor and materials required for the completion of all work specified in Section No. 08520, of the Specifications for Aluminum Windows and the Plans referred to therein and Addenda Nos. 1 through 4 for the Project.  A&A was also required to furnish and install all aluminum doors and curtain walls as described in Section 08920 of the Specifications.

Pursuant to the March 16, 1998 Subcontract, A&A was required to assume to Barletta all the obligations and responsibilities that Barletta, by the contract documents referenced in the March 16, 1998 Subcontract, assumed to Everett. The contract between Barletta and Everett required that Everett was to be named as an additional insured on all policies of insurance. Similarly, the March 16, 1998 Subcontract required that A&A provide evidence of Public Liability and Property Damage Insurance to Barletta as the type and limits required to be furnished to Everett by Barletta. Pursuant to the July 14, 1998 Subcontract, A&A was required to name Barletta as an additional insured on all general liability policies and that such insurance shall be primary. Thereafter, Barletta was named as an additional insured on the following policies of insurance issued to A&A:

- National Fire Insurance Co. of Hartford ("National Fire") Insurance Policy No. TCP 10779224037 for the policy period from July 13, 1999 to July 13, 2002 (primary policy);
- Transportation Insurance Company ("Transportation") Insurance Policy No. C182097556 for the policy period from July 13, 1998 to July 13, 1999 (primary policy);
- Transportation Insurance Policy No. C182097542 for the policy period from July 13, 1998 to July 13, 1999 (umbrella policy);
- Transportation Insurance Policy No. C1077924037 for the policy period from July 13, 1999 to July 13, 2000 (primary policy);
- Transportation Insurance Policy No. C1077942023 for the policy period from July 13, 1999 to July 13, 2000 (umbrella policy);
- Transportation Insurance Policy No. C1077942023 for the policy period from July 13, 2000 to July 13, 2001 (umbrella policy);
- Valley Forge Insurance Company ("Valley Forge") Insurance Policy No. 1077924023 for the policy period from July 13, 2001 to July 13, 2002 (primary policy);
- Valley Forge Insurance Policy No. C1077924023 for the policy period from July 13, 2001 to July 13, 2002 (umbrella policy);

On or about October 24, 2000, Everett filed a lawsuit against Barletta in Middlesex Superior Court, Civil Action No. 00-4884 ("the Lafayette Lawsuit"), in which Everett asserted claims for property damage and other claims arising from the Lafayette School construction project ("the Project").  In or about June 2001, Barletta sent letters to various insurance agencies/companies who insured Barletta's subcontractors whose work was implicated by Everett's claims on the Project.  Barletta notified the insurers of Barletta's claims against the insured subcontractors and of Barletta's claim to coverage as an additional insured under policies issued for the subcontractors.

On November 24, 2004, National Fire, Valley Forge, Transcontinental and Transportation (collectively, "the Insurers"), filed this lawsuit against A&A and Soloco (collectively "the Subcontractors") seeking declarations that the Insurers have no obligation to defend and indemnify the Subcontractors under various policies of insurance issued by the Insurers.  (See Docket (Exhibit B) at Entry No. 1).

Through the proposed Intervenor Complaint, attached hereto as Exhibit A, Barletta seeks to enforce its rights as an additional insured under the insurance policies issued by the Insurers. Barletta seeks a declaration that it is entitled to defense and indemnity from the Insurers for the claims being asserted against Barletta in the Lafayette Lawsuit.

**ARGUMENT**

A party has a right to intervene in a lawsuit if the application is timely and the party claims an interest relating to the property or transaction which is the subject of the action and the party is so situated that the disposition of the action may as a practical matter impair or impede the party's ability to project that interest, unless the applicant's interest is adequately represented by existing parties. Fed. R. Civ. P. 24(a). In addition, a party may be permitted to intervene in an action if the applicant's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b).

**A.     Barletta's Motion To Intervene Is Timely.**

Whether a motion to intervene seeks intervention as of right or permissively, the motion must be timely. Fed. R. Civ. P. 24. The First Circuit has adopted a four-factor test to determine if a motion to intervene is timely. See Navieros Inter-Americanos, S.A. v. M/V Vasilia Exp., 120 F.3d 304, 321-22 (1st Cir. 1997). The court must consider: (1) the length of time the would-be intervenor knew or reasonably should have known that its interest was imperiled before it moved to intervene; (2) the foreseeable prejudice to the existing parties if intervention is granted; (3) the prejudice to the would-be intervenor if intervention is denied; and (4) exceptional circumstances which may militate against or in favor of allowing late intervention. Id.; see also NAACP v. New York, 413 U.S. 345, 364-69 (1973).

Neither the Insurers, A&A nor Soloco notified Barletta when the Insurers filed their Complaint on November 24, 2004, nor when A&A filed its Answer on January 28, 2005.[1].

---

[1] Soloco has not appeared in this action and has been defaulted by the Clerk. (Docket (Exhibit B) at Entry No. 8).

Barletta subsequently learned of the pending litigation and, thereafter, acted promptly to intervene in this action. The Court has not scheduled an initial scheduling conference under Local Rule 16.1, and the parties have not filed a joint discovery plan. To Barletta's knowledge, no depositions have been conducted. Accordingly, the allowance of this motion will not disrupt or delay resolution of the claims between the Insurers and A&A and Soloco, and those parties will not be prejudiced if Barletta is allowed to intervene.[2]

### B. Barletta Has The Right To Intervene In This Action Because Barletta Claims An Interest In The Insurance Policies Issued By The Insurers As An Additional Insured.

Barletta has a right to intervene in this action because Barletta claims it is entitled to defense and indemnification as an additional insured under the policies issued by the Insurers. Thus, Barletta claims an interest in the property/transaction that is the subject of the pending litigation. Moreover, the Subcontractors do not adequately represent Barletta's interests regarding the claims for defense and indemnification under the policies. Soloco has not appeared in this action and has been defaulted. Additionally, Barletta's status as an additional insured may entitle Barletta to advance additional arguments and theories concerning the policies' coverage and their respective exclusions that may not be adequately advanced by the Subcontractors. Thus, the Subcontractors cannot assert all claims that are necessary to afford relief to Barletta.

---

[2] The consideration relative to prejudice to Barletta if this Motion is denied is addressed in Barletta's discussion below.

### C.  Alternatively, The Court Should Permit Barletta To Intervene Because Barletta's Claims Raise Questions Of Law And Fact In Common With The Claims Between the Insurers and the Subcontractors.

Through the proposed Intervener Complaint, Barletta seeks a determination of its right to defense and indemnification on the policies issued by the Insurers.  This determination will necessarily require similar determinations with respect to whether the Subcontractors are entitled to coverage.  The claims involve the same construction project and policies of insurance.  See Fabiano v. Boston Redev. Auth., 49 Mass. App. Ct. 66, 76 (2000) (affirming allowance of motion to intervene based on common questions of law and fact between pending claims and intervenor's claims).  In view of the commonality of issues between Barletta's proposed Intervenor Complaint and the claims currently being litigated between the Insurers and the Subcontractors, permissive intervention is appropriate, even if the Court determines that Barletta may not intervene as of right.

### D.  There Will Be Duplicative Litigation If Barletta Is Not Permitted To Intervene.

If Barletta is not allowed to intervene in this lawsuit, Barletta will sue the Insurers in a separate action to resolve the claims that are set forth in the proposed Intervenor Complaint.  The pending case between the Insurers and the Subcontractors already requires an analysis and determination of the coverage afforded by the policies issued by the Insurers.  If Barletta is not permitted to intervene, these issues will be the subject of simultaneous litigation involving both Barletta and the Insurers, with the only difference being that one case includes the Subcontractors, while the other case does not.  Under such circumstances, it would be most efficient for these issues to be resolved in one lawsuit involving all of the interested parties.

Moreover, although Barletta is not barred from bringing it own action against the Insurers, as a practical matter, its claim against the Insurers could be compromised by the outcome of the instant litigation. The reality is that Barletta would at least find itself waging an uphill battle in seeking defense and indemnification from the Insurers if this court holds, in a contest between the Subcontractors and the Insurers, that the Insurers have no obligations under the policies.

## CONCLUSION

For the foregoing reasons, Barletta Engineering Corporation respectfully requests that the Court allow its Motion to Intervene and accept for filing the attached Intervenor Complaint.

Respectfully submitted,

BARLETTA ENGINEERING CORPORATION

By its attorneys,

/s/  Eric H. Loeffler
Bert J. Capone (BBO#072880)
Thomas H. Hayman (BBO#557279)
Eric H. Loeffler (BBO#641289)
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel: (617) 217-5500
Dated: June 6, 2005                      Fax: (617) 217-5200

- 8 -

01466-0010
372972v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARLETTA ENGINEERING CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL FIRE INSURANCE CO. OF HARTFORD, VALLEY FORGE INSURANCE COMPANY, TRANSCONTINENTAL INSURANCE COMPANY and TRANSPORTATION INSURANCE COMPANY,<br><br>      Defendants. | CIVIL ACTION NO. 04-12487 NG |

## INTERVENOR COMPLAINT

Now comes the plaintiff-intervenor, Barletta Engineering Corporation ("Barletta"), as and for its action against the defendants, National Fire Insurance Co. of Hartford ("National Fire"), Valley Forge Insurance Company ("Valley Forge"), Transcontinental Insurance Company ("Transcontinental") and Transportation Insurance Company ("Transportation") (hereinafter collectively referred to "the Insurers"), and states as follows:

### PARTIES

1.    The plaintiff-intervenor, Barletta, is a Massachusetts corporation with a usual place of business in Canton, Massachusetts.

2.    National Fire is an Illinois corporation with its principal place of business in Chicago, Illinois. National Fire is authorized to transact business in the Commonwealth of Massachusetts as a liability insurer.

1

3. Valley Forge is a Pennsylvania corporation with its principal place of business in Chicago, Illinois. Valley Forge is authorized to transact business in the Commonwealth of Massachusetts as a liability insurer.

4. Transcontinental is a New York corporation with its principal place of business in Chicago, Illinois. National Fire is authorized to transact business in the Commonwealth of Massachusetts as a liability insurer.

5. Transportation is an Illinois corporation with its principal place of business in Chicago, Illinois. Transportation is authorized to transact business in the Commonwealth of Massachusetts as a liability insurer.

## JURISDICTION

6. The Court has jurisdiction in this matter under 28 U.S.C. §1332 as there is complete diversity and the amount in controversy, exclusive of interest, exceeds $75,000.00. Jurisdiction is also founded on 28 U.S.C. §§2201 and Fed. R. Civ. P. Rule 57. Venue is proper in this Court under, among other things, 28 U.S.C. §1391, as a substantial part of the events giving rise to the controversy arose in this district.

## FACTS

7. On or about March 5, 1998, the City of Everett, Massachusetts ("Everett"), as owner, and Barletta, as general contractor, entered into a written contract relative to the construction of the Lafayette Elementary School in Everett, Massachusetts ("the Project").

8. Barletta was the general contractor on the Project and Barletta subcontracted portions of the work to various subcontractors including, among other things, work relating to the installation of window and curtain walls, waterproofing, dampproofing and caulking, glass and glazing, HVAC systems and elevators.

9. On or about March 22, 1998, Barletta entered into a written subcontract with Soloco, Inc. ("Soloco") whereby Soloco was to provide certain labor and materials on the Project (the "Soloco Subcontract").

10. Pursuant to the Soloco Subcontract, Soloco was required to, among other things, furnish all labor and materials required for the completion of all work specified in Section No. 15500, of the Specifications for HVAC and the Plans referred to therein and Addenda Nos. 1 through 4 for the Project.

11. The Soloco Subcontract required that Soloco was to assume to Barletta all the obligations and responsibilities that Barletta, by the contract documents referenced in the Soloco Subcontract, assumed to Everett.

12. The contract between Barletta and Everett required that Everett was to be named as an Additional Insured on all policies of insurance.

13. The Soloco Subcontract required that Soloco provide evidence of Public Liability and Property Damage Insurance to Barletta as the type and limits required to be furnished to Everett by Barletta.

14. Barletta is named as an additional insured under Policy No. 1020530972 ("the Transcontinental Policy") issued by Transcontinental to Soloco.

15. On or about March 16, 1998, and July 14, 1998, respectively, Barletta entered into written subcontracts with A&A Window Products, Inc. ("A&A") whereby A&A was to provide certain labor and materials on the Project (the "A&A Subcontracts").

16.     Pursuant to the A&A Subcontracts, A&A was required to, among other things, furnish all labor and materials required for the completion of all work specified in Section No. 08520, of the Specifications for Aluminum Windows and the Plans referred to therein and Addenda Nos. 1 through 4 for the Project.  A&A was also required to furnish and install all aluminum doors and curtain walls as described in Section 08920 of the Specifications.

17.     Pursuant to the March 16, 1998 Subcontract, A&A was required to assume to Barletta all the obligations and responsibilities that Barletta, by the contract documents referenced in the March 16, 1998 Subcontract, assumed to Everett.

18.     The contract between Barletta and Everett required that Everett was to be named as an Additional Insured on all policies of insurance.

19.     The March 16, 1998 Subcontract required that A&A provide evidence of Public Liability and Property Damage Insurance to Barletta as the type and limits required to be furnished to Everett by Barletta.

20.     Pursuant to the July 14, 1998 Subcontract, A&A was required to name Barletta as an additional insured on all general liability policies and that such insurance shall be primary.

21.     On or about October 24, 2000, Everett filed a lawsuit against Barletta in Middlesex Superior Court, Civil Action No. 00-4884 ("the Lafayette Lawsuit"), in which Everett asserted claims for property damage and other claims arising from the Lafayette School construction project ("the Project").

22. In or about June 2001, Barletta sent letters to various insurance agencies/companies who insured Barletta's subcontractors, including the Insurers, whose work was implicated by Everett's claims on the Project. Barletta notified the insurers of Barletta's claims against the insured subcontractors and of Barletta's claim to coverage as an additional insured under policies issued for the subcontractors.

23. Barletta is named as an additional insured under the following policies issued to A&A:

   a) National Fire Policy No. TCP 10779224037 for the policy period from July 13, 1999 to July 13, 2002 (primary policy);

   b) Transportation Insurance Policy No. C182097556 for the policy period from July 13, 1998 to July 13, 1999 (primary policy);

   c) Transportation Insurance Policy No. C182097542 for the policy period from July 13, 1998 to July 13, 1999 (umbrella policy);

   d) Transportation Insurance Policy No. C1077924037 for the policy period from July 13, 1999 to July 13, 2000 (primary policy);

   e) Transportation Insurance Policy No. C1077942023 for the policy period from July 13, 1999 to July 13, 2000 (umbrella policy);

   f) Transportation Insurance Policy No. C1077942023 for the policy period from July 13, 2000 to July 13, 2001 (umbrella policy);

   g) Valley forge Insurance Policy No. 1077924023 for the policy period from July 13, 2001 to July 13, 2002 (primary policy);

   h) Valley forge Insurance Policy No. C1077924023 for the policy period from July 13, 2001 to July 13, 2002 (umbrella policy);

24. By virtue of Barletta's status as an additional insured on the policies issued by the Insurers, the Insurers must defend and indemnify Barletta from and against claims asserted by Everett in the Lafayette Lawsuit.

## COUNT I

### (Declaratory Judgment)

25.     Barletta incorporates herein by reference paragraphs 1 through 22 above.

26.     Barletta maintains that it is entitled to coverage for Everett's claims in the Lafayette Lawsuit for property damage pursuant to the terms of the primary and umbrella policies referenced herein.

27.     The Insurers maintain that neither the primary nor the umbrella policies provide any coverage to Barletta for the claims asserted in the Lafayette Lawsuit.

28.     An actual controversy exists with regard to Barletta's rights to coverage under the terms of the primary and umbrella policies referenced herein.

WHEREFORE, Barletta respectfully requests that the Court:

a)      Declare that Barletta is entitled to coverage under Transcontinental Insurance Policy No. 1020530972;

b)      Declare that Barletta is entitled to coverage under National Fire Policy No. TCP 10779224037 for the policy period from July 13, 1999 to July 13, 2002 (primary policy);

c)      Declare that Barletta is entitled to coverage under Transportation Insurance Policy No. C182097556 for the policy period from July 13, 1998 to July 13, 1999 (primary policy);

d)      Declare that Barletta is entitled to coverage under Transportation Insurance Policy No. C182097542 for the policy period from July 13, 1998 to July 13, 1999 (umbrella policy);

e)      Declare that Barletta is entitled to coverage under Transportation Insurance Policy No. C1077924037 for the policy period from July 13, 1999 to July 13, 2000 (primary policy);

f)      Declare that Barletta is entitled to coverage under Transportation Insurance Policy No. C1077942023 for the policy period from July 13, 1999 to July 13, 2000 (umbrella policy);

g) Declare that Barletta is entitled to coverage under Transportation Insurance Policy No. C1077942023 for the policy period from July 13, 2000 to July 13, 2001 (umbrella policy);

h) Declare that Barletta is entitled to coverage under Valley forge Insurance Policy No. 1077924023 for the policy period from July 13, 2001 to July 13, 2002 (primary policy);

i) Declare that Barletta is entitled to coverage under Valley forge Insurance Policy No. C1077924023 for the policy period from July 13, 2001 to July 13, 2002 (umbrella policy);

j) Award Barletta its attorney's fees and expenses this action as allowed by Massachusetts law; and

k) Grant Barletta such other relief as the Court deems fair and equitable.

**BARLETTA CLAIMS A TRIAL BY JURY AS TO ALL CLAIMS FOR WHICH A JURY TRIAL IS APPROPRIATE.**

Respectfully submitted,

BARLETTA ENGINEERING CORPORATION

By its attorneys,

/s/ Eric H. Loeffler
Bert J. Capone (BBO#072880)
Thomas H. Hayman (BBO#557279)
Eric H. Loeffler (BBO#641289)
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel: (617) 217-5500

Dated: June 6, 2005                                Fax: (617) 217-5200