UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.  04-12487 (NG)

| | |
|---|---|
| TRANSCONTINENTAL INSURANCE CO., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| A&A WINDOW PRODUCTS, INC., and | ) |
| SOLOCO, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' OPPOSITION TO
BARLETTA ENGINEERING CORPORATION'S MOTION TO INTERVENE**

Plaintiffs National Fire Insurance Co. of Hartford, Valley Forge Insurance Company,

Transcontinental Insurance Company and Transportation Insurance Company, all of which are

members of the CNA Insurance Group (collectively referred to as the "CNA insurers"), hereby

oppose the motion to intervene by Barletta Engineering Corporation ("Barletta").[1]

This action was filed on November 24, 2004 by the CNA insurers with respect to claims

for insurance coverage by the Defendants, A&A Window Products, Inc. ("A&A") and Soloco,

Inc. ("Soloco").  A&A and Soloco are subcontractors who were hired by Barletta, the general

contractor, for a construction project at the Lafayette School in Everett, Massachusetts.  In this

action, the CNA insurers seek a declaratory judgment that, with respect to the general liability

insurance policies on which A&A and Soloco are named insureds (the "A&A/Soloco policies"),

they have no obligation to defend or indemnify A&A and Soloco regarding claims by the City of

---

[1]     Barletta's motion uses the incorrect caption and erroneously refers to the CNA insurers as defendants in the
above-entitled action.

Everett for property damage at the Lafayette School allegedly arising from defective construction and workmanship by A&A and Soloco at the school (the "Lafayette School claims"). In this motion and its proposed Intervenor Complaint, Barletta asserts that it is an additional insured on the A&A/Soloco policies and, accordingly, that it should be permitted to assert claims for coverage under those policies in this case. Because Barletta has not satisfied the requirements for intervention as set forth in Fed. R. Civ. P. 24, its motion to intervene should be denied.

### A.    Barletta's Motion to Intervene is Untimely.

As Barletta concedes at page 5 of its motion "[w]hether a motion to intervene seeks intervention as of right or permissively, the motion must be timely." This action was filed on November 24, 2004. Almost *seven months* later, Barletta now seeks to intervene. A delay of seven months renders a motion to intervene untimely. United Nuclear Corp. v. Cannon, et al., 696 F.2d 141 (1st Cir. 1982) (holding a motion to intervene to be untimely seven months after filing). Indeed, in one of the very cases cited by Barletta in its motion, NAACP v. New York, 413 U.S. 345 (1973), the court held that a motion to intervene was untimely when it was filed only four months after the filing of the complaint. The instant case is in stark contrast to the situation in Navieros Inter-Americanos, S.A. v. M/V Vaisilia Exp., 120 F.3d 304, 321-322 (1st Cir. 1997) where the motion to intervene in an admiralty case was allowed because it was made within three (3) days of the movant discovering that its maritime lien was imperiled by the actions of the parties in that action.

Barletta broadly asserts at pages 5-6 of its motion that it was not until after A&A filed its Answer in this action on January 28, 2005, that Barletta "*subsequently learned of the pending litigation and, thereafter, acted promptly to intervene in this action.*" Significantly, Barletta has not submitted any evidence by affidavit or otherwise to explain when it learned of this action and

BOS1501199.1

how it acted promptly to intervene. Most important, Barletta's contention is incorrect because it was clearly aware, as of at least January 19, 2005, of both the pendency of this action and the CNA insurers' assertion that they were not obligated to provide insurance coverage to A&A and Soloco with respect to the Lafayette School claims. Specifically, on that date, almost *five* months before Barletta filed the instant motion, Barletta's coverage counsel (who also filed this motion) wrote a letter to the CNA insurers' counsel requesting that the CNA insurers pay the costs of Barletta moving to intervene in this action. In response, the CNA insurers informed Barletta that they would not pay such costs because they had no such obligation under the Barletta policies.

Moreover, one month later on February 14, 2005, and still some four months before filing the instant motion, Barletta attended a mediation session with the CNA insurers, A&A, Soloco, and the City of Everett with respect to the Lafayette School claims. During the mediation the CNA insurers told Barletta's representative and coverage counsel that this action had been filed because they had no obligation to defend or indemnify either A&A or Soloco for those claims, referring to the decision of the United States Court of Appeals for the First Circuit in B&T Masonry Construction Co. v. Public Service Mut. Ins. Co., 382 F.3d 36 (1st Cir. 2004) (court held that another subcontractor hired by Barletta to perform work on the Lafayette School project was not entitled to insurance coverage for the City of Everett's property damage claims by reason of "business risk" exclusions in general liability policies on which subcontractor was the named insured). Furthermore, Barletta admits at page four of its motion that *four years ago*, in June 2001, it requested that the CNA insurers provide insurance coverage for it with respect to the Lafayette School claims based on its alleged status as an additional insured under the A&A/Soloco policies. Barletta does not, and cannot, dispute that CNA insurers did not agree to

provide such coverage. Given that Barletta sat on its hands regarding its purported rights under the A&A/Soloco policies for four years since first raising the matter, and for some five months after becoming aware of this action, it is patently absurd for Barletta to contend that it has "acted promptly to intervene" in this case.

**B.    Barletta's Motion Also Should be Denied Because It Fails to Satisfy the Other Requirements for Intervention**

Barletta's motion also fails to satisfy the other requirements for intervention under Fed. R. Civ. P. 24. First, with respect to Fed. R. Civ. P. 24(a), allowing Barletta to intervene at this stage of the case would unduly delay resolution of this action and prejudice the CNA insurers' position with respect to the ongoing mediation of the Lafayette School claims. In particular, the CNA insurers have already obtained a default judgment against Soloco and are entitled to have that judgment made final as soon as possible.

Moreover, soon after this Court decides their motion to transfer this action to the trial judge who handled the B&T Masonry case, the CNA insurers intend to file a motion for summary judgment on the merits of their claims against A&A based on B&T Masonry. Contrary to Barletta's suggestion in the instant motion, there is no need for A&A and the CNA insurers to conduct discovery in this action. As in B&T Masonry, which involved the very same construction project and Lafayette School claims, no genuine dispute of material fact exists relating to the coverage matters at issue between A&A/Soloco and the CNA insurers and those matters can be decided as a matter of law. In view of the ongoing mediation efforts regarding the Lafayette School claims, the CNA insurers and A&A need to have their coverage dispute resolved as soon as possible. Any delay in consideration of the CNA insurers' summary judgment motion may put the CNA insurers in an adverse position if it is ultimately determined

that the CNA insurers have some coverage obligation to A&A. Because Barletta's intervention at this stage of the case will delay these proceedings while the mediation of the Lafayette School claims proceeds, the prejudice to the CNA insurers is obvious.

Second, Barletta has not demonstrated that it would be prejudiced if it is not allowed to intervene in this action. As Barletta concedes, it has the right to bring a separate suit against the CNA insurers with respect to the A&A/Soloco policies. Without explaining why, Barletta argues generally that its interests will not be adequately represented by the parties in this action with respect to the A&A/Soloco policies. That contention has no merit. First, as for the Soloco policies, Barletta had an opportunity in January 2005, well before a default was entered against Soloco on February 9, 2005, to seek to intervene in this action to protect whatever interests it claims to have under those policies. Because a default has already been entered against Soloco, there are no coverage issues for the Court to resolve with respect to the Soloco policies and, thus, no occasion for Barletta's interests to be implicated. Regarding the A&A policies, A&A has answered the complaint in this action and asserted numerous affirmative defenses to the CNA insurers' claims. Barletta has not proffered any evidence to support its assertion that A&A cannot adequately represent its interests regarding the scope of the A&A policy's coverage and "business risk" exclusions, which are the only matters in contention between A&A and the CNA insurers. Most important, whether Barletta has a right to coverage as an alleged additional insured under the A&A policy, as Barletta claims, is not at issue in this action. Because this Court is not being asked to rule on the additional insured issue, Barletta's assertion that A&A will not adequately represent Barletta's interests on that issue is wholly irrelevant to a determination of this motion.

Similarly baseless is Barletta's final argument that it should be permitted to intervene under Fed. R. Civ. P. 24(b) because the A&A/Soloco policies allegedly raise questions of law and fact "in common" with the claims at issue in this action. However, as Barletta fully concedes, the question of whether it is an additional insured under the A&A/Soloco policies is not at issue in this action. Until Barletta can show that it is, in fact and law, an additional insured under the A&A/Soloco policies, no commonality of issues exists between Barletta's proposed Intervenor Complaint and the claims being litigated between the parties in this action. Without such a showing, there is no basis for Barletta's intervention in this action.

## CONCLUSION.

For the foregoing reasons, the CNA insurers respectfully request that the Court deny Barletta's motion to intervene in this action.

NATIONAL FIRE INSURANCE CO. OF HARTFORD, VALLEY FORGE INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY, and TRANSCONTINENTAL INSURANCE COMPANY,

By their attorneys,

Date:  June 20, 2005

Gregory P. Deschenes (BBO # 550830)
John S. Stadler (BBO # 548485)
Michael L. Cornell (BBO # 651405)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for Barletta Engineering Corporation by electronic service on June 20, 2005.

Michael L. Cornell